IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENDREW WILSON,

Plaintiff,

v.

KEVIN PITZEN and AMBER DAVIS,

Defendants.

OPINION and ORDER

25-cv-251-jdp

---

Plaintiff Kendrew Wilson, proceeding without counsel, alleges that staff at Columbia Correctional Institution disregarded his safety and denied him a transfer to a safer facility. I take Wilson to bring Eighth Amendment claims based on conscious disregard of safety and excessive force.

Wilson proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Wilson's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim, but I will allow Wilson to amend the complaint to fix the problem with his conscious-disregard-of-safety claim.

ALLEGATIONS OF FACT

Around March 2024, prisoner Jovan Williams told Wilson that he "put . . . a hit out" on Wilson. Defendant Captain Pitzen did not approve Wilson's request for protective custody.

Around June 2024, Wilson told Pitzen and defendant Classification Specialist Davis that nondefendant Officer Steingraeber had attacked Wilson for no reason. Pitzen and Davis held a Program Review Committee (PRC) hearing at which they denied Wilson's request for transfer to a new prison.

Wilson then wrote inmate complaints about officers interfering with his property and mail. Apparently, no action was taken in response.

On August 11, 2024, Wilson wrote to psychological unit services staff that he was having mental health problems because other staff members were retaliating against him. Apparently, nondefendant Sgt. Rutledge investigated this complaint and said that he did not care, after which Rutledge wrote Wilson a conduct report for disobeying orders and disruptive conduct.

At some point, Wilson was assaulted by nondefendant Officer Brand.

In mid-December 2024, Wilson again complained that he feared for his safety, but the PRC committee laughed at him and had him removed from the hearing.


ANALYSIS

A.  **Conscious-disregard-of-safety claim**

A prison official's conduct violates the Eighth Amendment if "the official knows of and disregards an excessive risk to inmate . . . safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Specifically, prison officials have a general duty to protect prisoners from "violence at the hands of other prisoners." *Id.* at 833. A prison official may be liable under the Eighth

Amendment for a prisoner-on-prisoner assault if "the official knows of and disregards an excessive risk" to the victim's safety. *See id.* at 834. If the prisoner faced only a past risk of assault that didn't materialize, he must allege "extreme and officially sanctioned psychological harm" to state a claim for relief. *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997).

I will not allow Wilson to proceed against Pitzen based on the allegation that Pitzen denied Wilson's request for protective custody after prisoner Williams threatened Wilson. At most, Wilson describes a past risk of harm that did not materialize. Wilson's vague allegation that he wrote to PSU staff that he was having mental health problems does not suggest that Pitzen's failure to grant this request caused Wilson extreme psychological harm. Indeed, Wilson's complaint to PSU staff involved alleged retaliation by prison staff, not Pitzen's denial of the request for protective custody.

I will not allow Wilson to proceed against Pitzen or Davis on this claim based on the allegation that they denied Wilson's request for transfer to a new prison after Wilson told them that Steingraeber attacked him for no reason. Steingraber's alleged assault occurred before Pitzen and Davis denied this request, and Wilson hasn't alleged that the denial caused a later assault by Steingraeber, or even subjected him to a serious risk of that injury. *See Ortiz v. City of Chicago*, 656 F.3d 523, 539 (7th Cir. 2011) (a plaintiff must show that defendants "caused the deprivation of a federal right" to prevail under 42 U.S.C. § 1983).

I will not allow Wilson to proceed on this claim based on the allegation that he wrote unanswered inmate complaints about interference with his property and mail by correctional officers. Wilson does not list the individuals who failed to respond to these claims in the complaint's caption or body. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005); *Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012). Also,

a grievance official "who rejects an administrative complaint about a completed act of misconduct does not" violate the Constitution. *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007).

I will not allow Wilson to proceed based on the allegation that, after he complained about his safety in December 2024, the PRC committee laughed at him and had him removed from the hearing. Wilson does not identify the individuals who allegedly committed this conduct. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). Even if Pitzen or Davis committed this conduct, Wilson hasn't alleged that their ostensible disregard of his complaint injured him. *See Ortiz*, 656 F.3d at 539.

## B.  Excessive force claim

I take Wilson to bring an excessive force claim against Steingraeber and Brand. I will not allow Wilson to proceed on this claim for two reasons. First, Wilson did not name either Steingraeber or Brand as a defendant in the complaint's caption. *See Myles*, 416 F.3d at 551. Second, district courts have broad discretion to dismiss a complaint that duplicates another action pending in federal court, including when second action is brought in the same court as the first action. *Scholz v. United States*, 18 F.4th 941, 945, 951 (7th Cir. 2021). Wilson has pending lawsuits in this court based on excessive force against Steingraeber and Brand, and Wilson seeks leave to proceed against them in this case based on the same or similar allegations.

## C.  Sgt. Rutledge

It's unclear whether Wilson seeks to bring a retaliation claim against Sgt. Rutledge based on the allegation that Rutledge wrote Wilson a conduct report after Wilson complained to PSU staff about mental health problems and retaliation by other staff members. If he does,

4

I would not allow Wilson to proceed on this claim for two reasons. First, Wilson failed to name Rutledge as a defendant in the complaint's caption. Second, under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Wilson improperly joined the retaliation claim because he bases it on different events than those underlying his conscious-disregard-of-safety claim.

CONCLUSION

Wilson has not stated any viable claims for relief in his complaint. But I will allow Wilson to file an amended complaint that fixes the problems with his conscious-disregard-of-safety claim. In drafting his amended complaint, Wilson should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his constitutional rights. Wilson must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Wilson should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Wilson believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1.  Plaintiff Kendrew Wilson's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2.  Plaintiff may have until October 6, 2025, to submit an amended complaint that fixes the problems identified in this order with his conscious-disregard-of-safety claims. Plaintiff may not bring any other claims in the amended complaint.

3.  Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4.  The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5.  If plaintiff fails to comply with this order, I may dismiss this case.

6.  Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7.  Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8.  The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered September 5, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6